POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movants
Michael Reece and Robert Kent and
Proposed Lead Counsel for the Class*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS LAMONTAGNE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., ELON R. MUSK, ZACHARY J. KIRKHORN, and DEEPAK AHUJA,<br><br>Defendants. | Case No.: 5:23-cv-00869-AMO<br><br>NOTICE OF MOTION AND MOTION OF MICHAEL REECE AND ROBERT KENT FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br><u>CLASS ACTION</u><br><br>Date:  June 15, 2023<br>Time:  2:00 p.m.<br>Judge:  Hon. Araceli Martínez-Olguín<br>Courtroom:  10 – 19th Floor |

# **TABLE OF CONTENTS**

NOTICE OF MOTION ...................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................................2

    I.    PRELIMINARY STATEMENT ......................................................................................2

    II.    STATEMENT OF FACTS ...............................................................................................2

    III.    ARGUMENT ....................................................................................................................4

        A.    REECE AND KENT SHOULD BE APPOINTED CO-LEAD PLAINTIFFS ................................................................................................................4

            1.    Reece and Kent Are Willing to Serve as Class Representatives ...5

            2.    Reece and Kent Are the Most Adequate Plaintiffs Within the Meaning of the PSLRA ................................................................................5

                a.    Reece and Kent Have the Largest Financial Interest in the Action ...........................................................................................6

                b.    Reece and Kent Otherwise Satisfy the Requirements of Rule 23 ...............................................................................................7

        B.    CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED .....................................................................................................9

    IV.    CONCLUSION ...............................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bao v. SolarCity Corp.*,
   No. 14-cv-01435-BLF, 2014 U.S. Dist. LEXIS 111869
   (N.D. Cal. Aug. 11, 2014) ................................................................................................ 7

*Bruce v. Suntech Power Holdings Co., Ltd.*,
   No. CV 12-04061 RS, 2012 U.S. Dist. LEXIS 167702
   (N.D. Cal. Nov. 13, 2012) ................................................................................................ 9

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
   2012 WL 78780 (N.D. Cal. Jan. 9, 2012) ......................................................................... 6

*Hanon v. Dataproducts Corp.*,
   976 F.2d 497, 508 (9th Cir. 1992) ................................................................................... 7

*Hessefort v. Super Micro Comput., Inc.*,
   317 F. Supp. 3d 1056 (N.D. Cal. 2018) ........................................................................... 7

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d. Cir. 2001) ............................................................................................ 9

*In re Comverse Technology, Inc. Securities Litigation*,
   No. 06-CV-1825 (E.D.N.Y.) .......................................................................................... 10

*In re SolarCity Corp. Sec. Litig.*,
   Nos. 16-CV-04686-LHK *et al.*, 2017 U.S. Dist. LEXIS 11553
   (N.D. Cal. Jan. 25, 2017) ................................................................................................. 7

*Knox v. Yingli Green Energy Holding Co.*,
   136 F. Supp. 3d 1159 (C.D. Cal. 2015) ........................................................................... 6

*Lax v. First Merchants Acceptance Corp.*,
   No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ............................................. 6

*Nicolow v. Hewlett Packard Co.*,
   2013 WL 792642 (N.D. Cal. Mar. 4, 2013) ..................................................................... 6

*Osher v. Guess?, Inc.*,
   No. CV01-00871LGB(RNBX), 2001 WL 861694 (C.D. Cal. Apr. 26, 2001) ................. 9

*Perrin v. Southwest Water Co.*,
   No. 2:08-cv-7844-FMC-AGRx, 2009 U.S. Dist. LEXIS 134154
   (C.D. Cal. Feb. 12, 2009) ................................................................................................. 8

*Richardson v. TVIA, Inc.*,
   No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406
   (N.D. Cal. Apr. 16, 2007) ...................................................................................................... 7

*Robb v. Fitbit Inc.*,
   No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457
   (N.D. Cal. May 10, 2016) ................................................................................................. 8, 9

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ................................................................................................. 8

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................................*passim*

Private Securities Litigation Reform Act of 1995 ...........................................................*passim*

Securities Exchange Act of 1934 ..................................................................................... 1, 7

**Rules**

Federal Rule of Civil Procedure 23 ................................................................................*passim*

# NOTICE OF MOTION

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on June 15, 2023, at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Araceli Martínez-Olguín in Courtroom 10, 19th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Michael Reece and Robert Kent (together, "Reece and Kent") will and hereby do respectfully move this Court, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Reece and Kent as Co-Lead Plaintiffs on behalf of a class consisting of all persons and entities, other than the above-captioned defendants ("Defendants") and their affiliates, who purchased Tesla, Inc. ("Tesla" or the "Company") common stock between February 19, 2019 and February 17, 2023, inclusive (the "Class Period"), and who were damaged thereby (the "Class"); and (2) approving Reece and Kent's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

This motion is supported by the memorandum of points and authorities submitted herewith, the Declaration of Jennifer Pafiti, Esq. ("Pafiti Decl."), and all exhibits thereto.[1]

This motion is made on the grounds that Reece and Kent believe they are the most adequate plaintiffs within the meaning of the PSLRA based on their collective losses of approximately $1,210,181, which were suffered as a result of Defendants' wrongful conduct as alleged in the Action. Further, Reece and Kent satisfy the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"), as their claims are typical of other Class members' claims, and they will fairly and adequately represent the Class.

---

[1] The Pafiti Decl. was originally filed in this Action on April 28, 2023. *See* Dkt. No. 20-2.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  PRELIMINARY STATEMENT

The Complaint in the Action alleges that Defendants defrauded investors in violation of the Exchange Act. Tesla investors, including Reece and Kent, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of Tesla securities to fall sharply, damaging Reece and Kent and other Tesla investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that is shown to be the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  In connection with their transactions in Tesla securities during the Class Period, Reece and Kent incurred collective losses of approximately $1,210,181. *See* Pafiti Decl., Exhibit ("Ex.") A.  Accordingly, Reece and Kent believe that they have the largest financial interest in the relief sought in the Action.

Beyond their significant financial interest, Reece and Kent also meet the applicable requirements of Rule 23 because their claims are typical of absent Class members and because they will fairly and adequately represent the interests of the Class.

To fulfill their responsibilities as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Reece and Kent have selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Reece and Kent respectfully request that the Court enter an order appointing them as Co-Lead Plaintiffs for the Class and approving their selection of Pomerantz as Lead Counsel for the Class.

## II.  STATEMENT OF FACTS

As alleged in the Complaint of the Action, Tesla made false and/or misleading statements and/or failed to disclose that: (i) Defendants had significantly overstated the efficacy, viability, and safety of the Company's Autopilot and "Full Self-Driving" ("FSD") technologies; (ii)

contrary to Defendants' representations, Tesla's Autopilot and FSD technologies created a serious risk of accident and injury associated with the operation of Tesla vehicles; (iii) all the foregoing subjected Tesla to an increased risk of regulatory and governmental scrutiny and enforcement action, as well as reputational harm; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

On April 18, 2021, media outlets reported that a Tesla vehicle with "no one" driving it had crashed into a tree, killing two passengers near Houston, Texas in a "fiery" crash. A Harris County Precinct constable told local news station KPRC 2 that the investigation showed "no one was driving" the 2019 Tesla vehicle when the accident occurred.

On August 16, 2021, media outlets reported that the National Highway Traffic Safety Administration ("NHTSA") had opened a formal investigation into Tesla's Autopilot system after a series of collisions with parked emergency vehicles. The scope of the investigation included 765,000 vehicles, or nearly every vehicle that Tesla has sold in the U.S. since the start of the 2014 model year.

On June 3, 2022, media outlets reported that NHTSA had issued a formal inquiry to Tesla about the Autopilot and FSD features for certain models of its vehicles after receiving complaints from more than 750 owners of the vehicles about sudden and unexpected braking with no immediate cause.

On January 27, 2023, media outlets reported that the SEC was investigating statements made by Tesla and its Chief Executive Officer, Defendant Elon R. Musk ("Musk"), concerning the Autopilot system, including whether Musk made inappropriate forward-looking statements regarding the Autopilot system.

On February 16, 2023, media outlets reported that NHTSA had ordered a recall of nearly 363,000 Tesla vehicles equipped with the Company's FSD "Beta" software, stating that the software may allow the equipped vehicles to act "in an unlawful or unpredictable manner," increasing the risk of a crash.

Then, on February 18, 2023, media outlets reported that a Tesla vehicle had crashed into a fire truck that was responding to an earlier accident, killing the driver and injuring a passenger and four firefighters. News reports linked the crash with prior reports of Tesla vehicles crashing into stationary emergency vehicles as a consequence of poorly performing advanced driver-assistance system technologies, increasing market and public concerns regarding the Autopilot system in Tesla's vehicles.

After each of the foregoing disclosures, Tesla's stock price dropped precipitously, damaging investors.

### III. ARGUMENT

#### A. REECE AND KENT SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

Motions by proposed lead plaintiffs must be filed within 60 days of the publication of notice of the action, which in this case was published on February 27, 2023 (*see* Pafiti Decl., Ex. B). *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). The PSLRA directs courts to consider any such motion by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii). Reece and Kent's instant motion is thus timely and must be considered.

When faced with competing lead plaintiff motions, under 15 U.S.C. § 78u-4(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interests of class members (hereinafter … the 'most adequate plaintiff')." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Reece and Kent are the "most adequate plaintiffs" within the meaning of the PSLRA and should therefore be appointed as Co-Lead Plaintiffs.

To guide this determination, the PSLRA creates a rebuttable presumption that the "most adequate plaintiff" "is the person or group of persons that" (i) either filed the complaint or made a motion for appointment as lead plaintiff; (ii) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and (iii) otherwise satisfies the requirements

of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc). As set forth below, Reece and Kent satisfy all three of these criteria and thus believe that they are entitled to the rebuttable presumption that they are the most adequate plaintiffs within the meaning of the PSLRA. Specifically, Reece and Kent are willing to serve as Co-Lead Plaintiffs, have the largest financial interest in the Action to their knowledge, and otherwise strongly satisfy the requirements of Rule 23.

For all these reasons, as set forth in greater detail below, Reece and Kent respectfully urge the Court to appoint them to serve as Co-Lead Plaintiffs overseeing the Actions.

### 1. Reece and Kent Are Willing to Serve as Class Representatives

On February 27, 2023, Pomerantz, counsel for the plaintiff in the Action, caused a notice (the "Notice") to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against Defendants, and which advised investors in Tesla securities that they had until April 28, 2023—*i.e.*, 60 days from the date of the Notice—to file a motion to be appointed as lead plaintiff. *See* Pafiti Decl., Ex. B. Reece and Kent have filed the instant motion pursuant to the Notice, and have attached sworn Certifications attesting that they are willing to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Under the PSLRA, Reece and Kent's actions were timely and legally sufficient. Accordingly, Reece and Kent readily satisfy the first requirement to serve as Co-Lead Plaintiffs of the Class.

### 2. Reece and Kent Are the Most Adequate Plaintiffs Within the Meaning of the PSLRA

When faced with competing lead plaintiff motions, under 15 U.S.C. § 78u-4(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interests of class members (hereinafter … the 'most adequate plaintiff')." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Reece and Kent are the "most adequate plaintiffs" within the meaning of the PSLRA and should therefore be appointed as Co-Lead Plaintiffs.

### a. Reece and Kent Have the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of their knowledge, Reece and Kent have the largest financial interest of any Tesla investor or investor group seeking to serve as Lead Plaintiff based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased; (2) the number of net shares purchased (also referred to as "retained shares"); (3) the total net funds expended; and (4) the approximate losses suffered. 1997 WL 461036, at *5. In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District. *See, e.g.*, *Nicolow v. Hewlett Packard Co.*, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) ("District courts commonly refer to the four-factor [*Lax*] test, which considers (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate losses suffered."); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 2012 WL 78780, at *4 (N.D. Cal. Jan. 9, 2012) (same); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (same). Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See, e.g.*, *Nicolow*, 2013 WL 792642, at *4; *Knox*, 135 F. Supp. 3d. at 1163.

During the Class Period, Reece and Kent collectively: (1) purchased 154,954 shares of Tesla stock; (2) expended $100,512,737 on their purchases of Tesla stock; (3) retained 4,500 of their shares of Tesla stock; and (4) as a result of the disclosures revealing the misrepresentations and/or omissions during the Class Period, incurred losses of approximately $1,210,181 in connection with their purchases of Tesla stock. *See* Pafiti Decl., Ex. A. Because Reece and Kent possess the largest financial interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### b. Reece and Kent Otherwise Satisfy the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018); *Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF, 2014 U.S. Dist. LEXIS 111869, at *9 (N.D. Cal. Aug. 11, 2014). Moreover, "[t]his showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy." *In re SolarCity Corp. Sec. Litig.*, Nos. 16-CV-04686-LHK *et al.*, 2017 U.S. Dist. LEXIS 11553, at *13 (N.D. Cal. Jan. 25, 2017).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *16 (N.D. Cal. Apr. 16, 2007) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

Reece and Kent's claims are typical of those of the Class. Reece and Kent allege, like all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or by omitting to disclose

material facts concerning Tesla. Reece and Kent, like other Class members, purchased Tesla common stock during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosure of those misrepresentations and/or omissions that drove Tesla's stock price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members," and "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Reece and Kent are adequate representatives for the Class. Here, Reece and Kent have submitted signed Certifications declaring their commitment to protect the interests of the Class. *See* Pafiti Decl., Ex. C. There is no evidence of antagonism or conflict between Reece and Kent's interests and those of the Class, and the significant losses incurred by Reece and Kent demonstrate that they have a sufficient interest in the outcome of this litigation to ensure vigorous advocacy. Indeed, Reece and Kent have already demonstrated their ability to pursue securities claims through their choice of counsel, Pomerantz. Pomerantz is one of the nation's leading plaintiff-side securities litigation firms, as discussed in greater detail in Section C, *infra*. Reece and Kent's and Pomerantz's willingness and ability to zealously litigate the claims in this Action on behalf of the Class cannot reasonably be questioned.

Further, Reece and Kent constitute an appropriate group of the type routinely appointed to serve as Co-Lead Plaintiffs. *See, e.g.*, *Perrin v. Southwest Water Co.*, No. 2:08-cv-7844-FMC-AGRx, 2009 U.S. Dist. LEXIS 134154, at *13 (C.D. Cal. Feb. 12, 2009) ("[C]ourts have generally held that small and manageable groups serving as lead plaintiffs do not frustrate Congress' desire to ensure that investors, rather than lawyers, control securities litigation."); *Robb v. Fitbit Inc.*,

No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *13-*14 (N.D. Cal. May 10, 2016) (appointing five-person investor group as lead plaintiff); *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d. Cir. 2001) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff") (citation omitted).

Reece and Kent likewise have demonstrated their adequacy because they are a small and cohesive group of two investors who have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their investing experience, their experience working with counsel, their understanding of the responsibilities of a lead plaintiff pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class.  *See* Pafiti Decl., Ex. D. Courts routinely appoint Co-Lead Plaintiffs under such circumstances.  *See, e.g.*, *Fitbit*, 2016 U.S. Dist. LEXIS 62457, at *13-*14 (appointing as lead plaintiff a group of five unrelated investors that submitted a joint declaration "stat[ing] that the individual members have discussed the responsibilities of acting as lead plaintiff, will stay in regular communication with counsel and with each other, and will make decisions by consensus, using a majority vote as a back-stop"); *Bruce v. Suntech Power Holdings Co., Ltd.*, No. CV 12-04061 RS, 2012 U.S. Dist. LEXIS 167702, at *9 (N.D. Cal. Nov. 13, 2012) (appointing as lead plaintiff a group of three unrelated investors that "submitted a joint declaration attesting that each is knowledgeable about the litigation, that they are working together, and that they are committed to protecting the interests of the Class").

### B.     CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001).  The Court should not interfere with the Lead Plaintiff's selection unless it is necessary to do so to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Reece and Kent have selected Pomerantz

to serve as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume. *See* Pafiti Decl., Ex. E. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *Id.* More recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.* As a result of its extensive experience in similar litigation, Reece and Kent's choice of counsel, Pomerantz, has the skill, knowledge, expertise, resources, and experience that will enable the firm to prosecute the Action effectively and expeditiously. The Court may be assured that by approving Reece and Kent's selection of Pomerantz as Lead Counsel, the Class members will receive the best legal representation available. Thus, Reece and Kent respectfully urge the Court to appoint Pomerantz to serve as Lead Counsel.

## IV.     CONCLUSION

For the foregoing reasons, Reece and Kent respectfully request that the Court issue an Order: (1) appointing Reece and Kent as Co-Lead Plaintiffs for the Class; and (2) approving Reece and Kent's selection of Pomerantz as Lead Counsel for the Class.

Dated: May 10, 2023                                     Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application pending)
J. Alexander Hood II
(*pro hac vice* application pending)
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Lead Plaintiff Movants Michael Reece and Robert Kent and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Lead Plaintiff Movants Michael Reece and Robert Kent*

**PROOF OF SERVICE**

I hereby certify that on May 10, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti