UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| THOMAS LAMONTAGNE, | Case No. 23-cv-00869-AMO |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING OAKLAND COUNTY'S MOTION TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL** |
| TESLA, INC., et al., | |
| Defendants. | Re: Dkt. Nos. 14, 20, 27, 28 |

In this putative securities class action, Plaintiff Oakland County Voluntary Employees' Beneficiary Association ("Oakland County VEBA") and Oakland County Employees' Retirement System ("Oakland County ERS" and together with Oakland County VEBA, "Oakland County") filed a motion to be appointed as lead plaintiff pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B). ECF 14. Oakland County also seeks appointment of its counsel, Labaton Sucharow LLP ("Labaton Sucharow") as lead counsel, and Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as liaison counsel for the putative class. *Id.* The motion is unopposed. Pursuant to Civil Local Rule 7-1(b), the Court finds the motion appropriate for determination on the papers. For the reasons set forth below, the Court **GRANTS** Oakland County's motion to be appointed as lead plaintiff and **GRANTS** Oakland County's motion to appoint Labaton Sucharow as interim lead counsel and Hagens Berman as liaison counsel.

**I.      APPOINTMENT OF LEAD PLAINTIFF**

The Ninth Circuit has established a three-step process for determining appointment of lead plaintiff in private securities actions arising under the PSLRA. 15 U.S.C. § 78u-4(a)(1); *In re Cavanaugh*, 306 F.3d 726, 729 - 30 (9th Cir. 2002); *see Mulligan v. Impax Labs, Inc.*, No. C-13-1037 EMC, 2013 WL 3354420, at *3 (N.D. Cal. July 2, 2013). First, the plaintiff must satisfy the

PSLRA's notice requirement. Within twenty days of filing the complaint, the plaintiff must publish a notice in a widely circulated national business-oriented publication advising members of the putative class of the pending action. 15 U.S.C. § 78u-4(3)(A)(i). The publication must notify the putative class that any member has sixty days from the publication of such notice to move the Court to serve as lead plaintiff. *Id.* Second, the Court must determine the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(3)(B)(i). There is a rebuttable presumption that the "most adequate plaintiff" (1) either filed the complaint or made a motion in response to the notice; (2) has the largest financial interest; and (3) otherwise satisfies Federal Rule of Civil Procedure 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see Cavanaugh*, 306 F.3d at 729 - 30 (describing the PSLRA process for appointing lead plaintiff). Third, putative class members may rebut the presumption that the most adequate plaintiff will fairly and adequately represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Court examines Oakland County's compliance with these statutory requirements. After plaintiff Thomas Lamontagne filed his complaint on February 27, 2023, his counsel published a notice in *Globe Newswire* announcing the litigation and alerting class members of the deadline to seek appointment as lead plaintiff. ECF 14 at 10; ECF 14-4 at 2 - 4. On April 28, 2023, seemingly in response to the notice, Oakland County timely moved to be appointed as lead plaintiff, ECF 14 at 5 - 6, satisfying the notice requirement to be appointed lead plaintiff. *See* 15 U.S.C. § 78u-4(3)(A)(i); *Mulligan*, 2013 WL 3354420, at *3.

Next, the Court considers whether Oakland County is the most capable of adequately representing the interests of the class members. 15 U.S.C. § 78u-4(3)(B)(i)-(iii). In addition to filing a timely motion to be appointed as lead plaintiff, Oakland County has alleged—and it is uncontested—that it the largest financial interest in the litigation.[1] ECF 14 at 10; ECF 28. While the Ninth Circuit "has not provided clear guidance on what metrics district courts should use" in

---

[1] Plaintiffs Michael Reece and Robert Kent filed a competing motion for appointment as co-lead plaintiffs. ECF 20. However, after reviewing Oakland County's motion, Reece and Kent filed a statement of non-opposition, conceding that they do not have the "largest financial interest" in the litigation. ECF 27. Thus, Oakland County's motion is unopposed. *See* ECF 28. Because the Court grants Oakland County's motion to appoint lead plaintiff and lead counsel, it denies Plaintiffs Reece and Kent's motion as moot.

determining which potential plaintiff has the greatest financial interest in the litigation, *Mulligan*, 2013 WL 3354420, at *4, district courts frequently consider four factors, including the total net funds expended, and the approximate losses suffered during the class period. *Xu v. FibroGen, Inc.*, No. 21-cv-02623-EMC, 2021 WL 3861454, at *4 (N.D. Cal. Aug. 30, 2021). Oakland County alleges that it suffered "last-in first-out" losses of approximately $2,020,887 on its relevant transactions in Tesla securities during the class period. ECF 14 at 10; ECF 14-3 at 2 - 3. As no other putative class member has claimed a greater financial interest, Oakland County has established that it has the largest financial interest in the litigation.[2] *See id.*; *In re Extreme Networks Inc. Sec. Litig.*, No. 15-CV-04883-BLF, 2016 WL 3519283, at *3 (N.D. Cal. June 28, 2016).

Finally, in determining whether Oakland County has established a rebuttable presumption that it is the most adequate plaintiff, the Court must also examine whether Oakland County satisfies the Rule 23 typicality and adequacy requirements. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Xu*, 2021 WL 3861454, at *7. The typicality requirement considers whether other class members have "the same or similar injury . . . based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Melucci v. Corcept Therapeutics Inc.*, No. 19-CV-01372-LHK, 2019 WL 4933611, at *4 (N.D. Cal. Oct. 7, 2019). The adequacy requirement ensures that the plaintiff will "fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4), and ensures that plaintiff and counsel do not have any conflicts of interest with other class members and will "prosecute the action vigorously." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (citation omitted). Oakland County asserts that, like all other putative class members, it "(i) purchased or otherwise acquired Tesla stock during the Class Period; (ii) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (iii) suffered damages as a result." ECF 14 at 11. Oakland County alleges that its interests are aligned with those of other

---

[2] Plaintiffs Reece and Kent have conceded that they do not have the largest financial interest in the litigation. ECF 27. In their motion for appointment as lead counsel, they had alleged losses of approximately $1,210,181. ECF 20 at 5.

3

prospective class members. *Id.* at 12.  Further, as detailed below, Oakland County has satisfactorily alleged that counsel will pursue the action vigorously. *Id.*  As Oakland County filed a motion in response to the notice, has the largest financial interest, and otherwise satisfies the requirements of Federal Rule of Civil Procedure 23, Oakland County has established a rebuttable presumption that it is the "most adequate plaintiff" under 15 U.S.C. §78u-4(a)(3)(B)(iii).

No class members have rebutted the presumption that Oakland County will fairly and adequately represent the class. *See Mulligan*, 2013 WL 3354420 at *9.  Indeed, the other movants filed a statement of non-opposition recognizing that they are not the largest financial stakeholders. ECF 27.

Because Oakland County has met the statutory requirements for appointment as lead plaintiff, the Court **GRANTS** Oakland County's uncontested motion for appointment as lead plaintiff under 15 U.S.C. § 78u-4(a)(3).

## II.   APPOINTMENT OF LEAD COUNSEL

The PSLRA "expressly provides that lead plaintiff has the power to select lead counsel." *Cohen v. U.S. Dist. Ct. for N. Dist. of California*, 586 F.3d 703, 709 (9th Cir. 2009); 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court "generally defer[s]" to lead plaintiff's reasonable choice of counsel. *Id.* at 712.  Federal Rule of Civil Procedure 23(g)(3) authorizes courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).[3]  Courts typically weigh the factors outlined in Rule 23(g)(1)(A): "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A); *see Olosoni v. HRB Tax Group, Inc.*, No. 19-cv-03610-SK, 2019 WL 7576680 at *5 (N.D. Cal. Nov. 05, 2019); *Levitte v. Google, Inc.*, No. C 08-03369 JW, 2009 WL 482252, at *2

---

[3] Oakland County seeks appointment of Labaton Sucharow as lead counsel.  ECF 14 at 13. Because the Court has not yet determined whether to certify a class, the Court limits the appointment of Labaton Sucharow at this time to interim class counsel. *See* Fed. R. Civ. P. 23(g)(3).

(N.D. Cal. Feb. 25, 2009). The Court may further consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Oakland County has selected Labaton Sucharow to be lead counsel for the class and has established that Labaton Sucharow satisfies the Rule 23(g) factors. ECF 14 at 13. Labaton Sucharow evidences its extensive experience litigating securities class actions, as well as its knowledge of the applicable law. The firm has litigated complex securities class actions in this and other districts in California and New York. *See* ECF 14 at 13 (noting recovery of $1 billion for injured investors in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), and $117.5 million settlement secured in *In re Mercury Interactive Corp. Securities Litigation*, No. 05-cv-3395 (N.D. Cal.)). The firm's résumé boasts its significant experience and recoveries for plaintiffs in securities class action litigation. ECF 14-5 at 6 - 14. The firm has successfully recovered $19 billion in the aggregate in securities class actions and has served as lead or co-lead counsel in numerous actions. ECF 14-5 at 6, 14 - 16. Accordingly, Labaton Sucharow has shown it is qualified to serve as lead counsel for the putative class.

Oakland County also selected Hagens Berman, located in Berkley, California, to serve as liaison counsel. *See* Manual for Complex Litigation (Fourth) § 10.221 (2004) (discussing administrative role of liaison counsel and noting that "[l]iaison counsel will usually have offices in the same locality as the court"). Hagens Berman has obtained recoveries for injured investors in securities cases, ECF 14 at 13, and has experience successfully representing investors in class action litigation, ECF 14-6 at 32 - 33.

No movant challenges Oakland County's selection of class counsel and liaison counsel. Considering the qualifications and experience of both firms, no grounds exist to disturb Oakland County's choice that these law firms serve as lead and liaison counsel.

///

///

///

///

1    Accordingly, this Court **GRANTS** Oakland County's motion for Labaton Sucharow LLP
2 to serve as interim class counsel and Hagens Berman Sobol Shapiro LLP to serve as liaison
3 counsel.

5    **IT IS SO ORDERED.**

6 Dated: July 5, 2023

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**