**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 2 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OAKLAND COUNTY VOLUNTARY EMPLOYEES' BENEFICIARY ASSOCIATION; OAKLAND COUNTY EMPLOYEES' RETIREMENT SYSTEM, Lead Plaintiffs,     Plaintiffs - Appellants, and THOMAS LAMONTAGNE,     Plaintiff,   v. TESLA INC.; ELON MUSK,     Defendants - Appellees, and ZACHARY J. KIRKHORN, DEEPAK AHUJA,     Defendants. | No. 25-55 D.C. No. 3:23-cv-00869-AMO MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Araceli Martinez-Olguin, District Judge, Presiding

Argued and Submitted November 20, 2025
San Francisco, California

Before: S.R. THOMAS, BRESS, and MENDOZA, Circuit Judges.

Oakland County Voluntary Employees' Beneficiary Association and Oakland County Employees' Retirement System (Plaintiffs) appeal from the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) of their amended complaint alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5. Plaintiffs allege that Tesla and Elon Musk misled investors from 2019 to 2023 by misrepresenting the safety, capability, and development of Tesla's autonomous driving technology (ADT). We review the district court's Rule 12(b)(6) dismissal de novo. *Prodanova v. H.C. Wainwright & Co., LLC*, 993 F.3d 1097, 1105 (9th Cir. 2021). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. "Falsity is alleged when a plaintiff points to defendant's statements that directly contradict what the defendant knew at that time." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018). "Even if a statement is not false, it may be misleading if it omits material information." *Id.* at 1008–09. Plaintiffs have failed to allege falsity for the three categories of statements at issue: Safety Statements, Capability Statements, and Timeline Statements.

Plaintiffs have not sufficiently alleged that the Safety Statements were false

or misleading when made. Musk did not state that Tesla's ADT could self-drive safer than humans. Rather, Tesla represented that its ADT technology requires "a fully attentive driver." Thus, fairly considered, Musk represented that a driver with the technology is safer than a driver without it. Plaintiffs' allegations, including the claimed technological deficiencies and driver intervention rates, also do not show that these statements were false when made. Musk's later statements about the ADT's safety capabilities likewise cannot establish falsity. *See Weston Fam. P'ship v. Twitter, Inc.*, 29 F.4th 611, 621 (9th Cir. 2022) ("[I]t is simply not enough to assume or implausibly infer that the defendants must have known about these issues . . . based on later facts or developments.").

Plaintiffs have not adequately alleged that the Capability Statements, which purportedly misrepresented that Tesla's ADT was fully autonomous, were false or misleading when made. Musk's statement that the ADT was "capable of zero intervention drives" did not suggest that the ADT had already reached full autonomy—that is, autonomous driving without human intervention. To the contrary, Musk noted that he still has to intervene while the technology is engaged.

Nor have Plaintiffs adequately alleged that the Timeline Statements were false or misleading when made. Because at least four of the eight statements are clearly opinions, they are governed by *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, 575 U.S. 175, 183–88 (2015). Plaintiffs have

failed to allege that Musk did not honestly believe reaching full autonomy was possible on his suggested timeline. *See id.* at 185–86. Nor have Plaintiffs otherwise sufficiently alleged that the opinions are actionable under *Omnicare*. *See id.* at 186–91.

Even if the remaining statements are not strictly opinions, Plaintiffs still have not adequately alleged falsity. The CA-DMV letters from late 2020 and March 2021 cannot show that Musk's earlier statements were false when made. Regardless, Tesla did not represent to California regulators that it was impossible to achieve the projected timeline and confirmed that Musk was "extrapolating on the rates of improvement."

2. The district court correctly determined that Plaintiffs failed to allege scienter. Under the Private Securities Litigation Reform Act (PSLRA), a complaint must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A). Scienter requires fraudulent intent or "deliberate recklessness," which is an "an *extreme* departure from the standards of ordinary care." *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 414 (9th Cir. 2020) (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009)).

Under the holistic inquiry, we ask "[w]hen the allegations are accepted as true and taken collectively, would a reasonable person deem the inference of scienter at

least as strong as any opposing inference?" *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 326 (2007). "[A] court must consider plausible, nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff." *Id.* at 324.

Plaintiffs' allegations fail to give rise to a strong inference that Tesla and Musk were deliberately reckless in making their statements. Tesla repeatedly warned investors that the ADT may not proceed as quickly as planned because it involved "highly complex state-of-the art technology that was evolving and being developed on a daily basis." These risk disclosures undermine any inference of scienter. *See In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1425 (9th Cir. 1994). Additionally, while Musk stated that he was deeply involved in ADT engineering, we agree with the district court that "Plaintiffs fail to connect Musk's hands-on management with any information that he allegedly learned rendering his statements false or misleading."

Tesla's representations to California regulators similarly do not support a strong inference of scienter because these statements only involved City Streets, a single feature of Tesla's ADT that involves different complexities than highway driving. Tesla was also equivocal as to whether it could achieve full autonomy by the end of the year.

Plaintiffs' remaining allegations are likewise insufficient to support scienter.

The confidential witness allegations are too vague to support a strong inference of scienter.  *See Zucco*, 552 F.3d at 996.  While CW-2 and CW-3 make allegations based on first-hand observations, Plaintiffs rely on speculation to show what Musk knew and when.  *Id.* at 998 ("[G]eneralized claims about corporate knowledge are not sufficient to create a strong inference of scienter . . . .").  And Musk's financial motive is insufficient to show scienter, either alone or in combination with the remaining allegations.  While Musk sold a significant portion of his available shares, he sold them after corrective disclosures and the alternative explanation that he required liquidity to acquire Twitter reduces any inference in favor of finding scienter.[1]

**AFFIRMED.**

---

[1] Because Plaintiffs have not adequately alleged falsity or scienter, we need not reach whether the PSLRA antifraud exclusion applies to Tesla's Rule 13a-15 settlement with the SEC.  *See* 15 U.S.C. § 78u-5(b).  Nor do we reach Tesla's loss causation argument.